UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:17-CV-00002-HBB

KAREN EVALINA ASH                                                         PLAINTIFF

VS.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security                                      DEFENDANT

## MEMORANDUM, OPINION, AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Karen Evalina Ash seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 15) and Defendant (DN 18) have filed a Fact and Law Summary.

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 13). By Order entered March 29, 2017 (DN 12), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed..

### FINDINGS OF FACT

Plaintiff filed an application for Disability Insurance Benefits on December 29, 2014 (Tr. 161). Plaintiff alleged that she became disabled on February 2, 2014, as a result of depression

and degenerative disc disease (Tr. 210). Administrative Law Judge Richard E. Guida conducted a video hearing on October 20, 2015 (Tr. 27). Plaintiff was present in Bowling Green, Kentucky and represented by Richard Burchett. The ALJ was in Ohio. Also present and testifying was vocational expert Abbe May.

In a decision dated December 14, 2015, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 11-26). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since February 2, 2014, the alleged onset date (Tr. 16). At the second step, the ALJ determined that Plaintiff's carpal tunnel syndrome, degenerative disc disease, degenerative joint disease, neuropathy, and obesity are "severe" impairments within the meaning of the regulations (Tr. 16). Also at the second step, the ALJ determined that Plaintiff's depression is a "non-severe" impairment within the meaning of the regulations (Tr. 16). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 17).

At the fourth step, the ALJ found Plaintiff has the residual functional capacity to perform work as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except occasional use of ramps or stairs, stooping, kneeling, crouching, crawling, no climbing of ladders, ropes, or scaffolds, avoid concentrated exposure to vibration, dangerous machinery, and unprotected heights, and limited to frequent bilateral handling and fingering

(Tr. 17). Relying on testimony from the vocational expert, the ALJ found that Plaintiff is unable to perform any of her past relevant work as a retail worker (Tr. 19).

The ALJ proceeded to the fifth step where he considered Plaintiff's residual functional capacity, age, education, and past work experience as well as testimony from the vocational expert (Tr. 20-21). The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (Tr. 21). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from February 2, 2014 through the date of the decision (Tr. 21).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 9-10). The Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-4).

CONCLUSIONS OF LAW

Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-4). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); see 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the decision of the ALJ, not the Appeals Council, and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. See "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the

> 3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?
>
> 4) Does the claimant have the residual functional capacity to return to his or her past relevant work?
>
> 5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fifth step. For the reasons set forth below, the undersigned concludes the ALJ's decision is supported by substantial evidence and comports with applicable law. Plaintiff's petition is therefore denied.

## DISCUSSION

## PLAINTIFF'S ARGUMENTS

Plaintiff argues first that the ALJ failed to offer proper consideration to Plaintiff's hearing testimony concerning her disabling conditions (DN 15 at PageID # 536). Specifically, Plaintiff argues the ALJ's credibility determination was insufficient because it was conclusory and did not conduct a comparison of Plaintiff's allegations of disability with the evidence of record (Id. at PageID # 537). Additionally, Plaintiff argues the credibility determination does not discuss the factors outlined in 20 C.F.R. § 404.1529, including the objective medical evidence, prior work record, precipitating and aggravating factors, the type, dosage, effectiveness, and side effects of medication, and other treatment used to relieve symptoms (DN 15 at PageID # 537).

Next, Plaintiff argues the ALJ failed to consider the entire medical record (DN 15 at PageID # 538). The asserted omissions include findings of decreased bilateral grip strength,

diminished reflexes in the lower extremities, and decreased pinprick sensation in the upper extremities with decreased vibration sensation in the lower extremities (Id. (citations omitted)).

Finally, Plaintiff argues the ALJ erred in assigning great weight to the opinion of Dr. Diosdado Irlandez, M.D. (Id. at PageID # 538-39). Plaintiff contends Dr. Irlandez produced his report five months before the close of evidence in the claim. As a result, Plaintiff argues, his opinion does not account for subsequently submitted evidence. Plaintiff asserts that, in addition to being under-inclusive, the report also relies on evidence that is directly contradicted by subsequent evidence (Id. at PageID # 539). Plaintiff contends the ALJ's failure to consult a medical advisor about the new evidence does not comport with applicable law and results in reversible error (Id. at PageID # 540).

## DEFENDANT'S ARGUMENTS

First, Defendant argues the ALJ properly accounted for Plaintiff's hearing testimony (DN 18 at PageID # 550). Defendant maintains the ALJ mentioned Plaintiff's testimony, including Plaintiff's claims of mood swings. And, Defendant notes that the ALJ need not discuss every piece of evidence he considered in forming an opinion. Additionally, Defendant argues the ALJ properly considered and discounted Plaintiff's testimony concerning the intensity and limiting effects of her symptoms (Id. at PageID # 551). Specifically, Defendant notes that the ALJ discussed the objective medical record, Plaintiff's work record, questionnaires and reports completed by Plaintiff, treatment or lack thereof, and a third-party evaluation (Id.). And, as a legal matter, Defendant argues the ALJ need not offer an exhaustive discussion of every factor.

Defendant asserts that Plaintiff has overlooked portions of the ALJ's opinion that cite to the very evidence she alleges the ALJ did not discuss (Id. at PageID # 552). Moreover, the

Commissioner argues, the ALJ has no affirmative duty to discuss every piece of evidence that the ALJ relied on in forming his opinion.

Finally, Defendant argues the ALJ appropriately weighed Dr. Irlandez' opinion (Id. at PageID # 553). Defendant contends it is proper to give great weight to an opinion that is out of date, so long as the ALJ considers the subsequently submitted evidence (Id. at PageID # 553-54).

## DISCUSSION

The first issue is whether the ALJ properly considered Plaintiff's testimony from the administrative hearing. In assessing a claimant's residual functional capacity, the Administrative Law Judge must necessarily consider the claimant's subjective allegations and make credibility findings. 20 C.F.R. §§ 404.1529, 416.929; Social Security Ruling 96-7p. A claimant's statement that they are experiencing pain or other symptoms will not, taken alone, establish that they are disabled; there must be medical signs and laboratory findings which show the existence of a medical impairment that could reasonably be expected to give rise to the pain and/or other symptoms alleged. 20 C.F.R. §§ 404.1529(a), 416.929(a). In determining whether a claimant suffers from debilitating pain and/or other symptoms, the two-part test set forth in Duncan v. Sec'y of Health & Human Servs., 801 F.2d 847, 853 (6th Cir. 1986), applies. First the Administrative Law Judge must examine whether there is objective medical evidence of an underlying medical condition. If there is, then the Administrative Law Judge must determine: "(1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such severity that it can reasonably be expected to produce the alleged disabling pain." Id. When, as in this case, the ALJ believes the reported pain and/or other symptoms suggest an impairment of greater severity than can be shown by objective medical evidence, the ALJ will consider other

information and factors which may be relevant to the degree of pain alleged. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). These factors include, among others, the claimant's daily activity (20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i)) and inconsistencies in the claimant's testimony and the medical evidence (20 C.F.R. §§ 404.1529(c)(4) and 416.929(c)(4)).

Here, the ALJ considered Plaintiff's claims regarding her daily activity but did not find them credible (Tr. 19). Moreover, the ALJ found Plaintiff's testimony at odds with the mild to moderate findings reflected in the objective evidence (Id.). Granted, the ALJ did not conduct an exhaustive review of each factor, but he was not required to do so. "While this court applied each of these factors in Felisky. *[sic]* we did not mandate that the ALJ undergo such an extensive analysis in every decision. Rather, we held that where the medical record does not contain objective evidence to support pain allegations, such allegations may not be dismissed without a review of non-medical factors." Bowman v. Chater, 132 F.3d 32, No. 96-3990, 1997 WL 764419, at * 4 (6th Cir. Nov. 26, 1997) (unpublished). The ALJ supported his decision to discount Plaintiff's testimony with substantial evidence and complied with all applicable laws. Therefore, this claim is denied.

The next issue is whether the ALJ cherry-picked the record, ignoring crucial findings that were favorable to Plaintiff. An ALJ has a duty not to cherry-pick facts from the record to support a finding of not disabled where a finding of disabled would otherwise be appropriate. Smith v. Comm'r of Soc. Sec., No. 1:11-CV-2013, 2013 WL 943874, at *6 (N.D. Ohio, Mar. 11, 2013) (citations omitted). However, an ALJ does not cherry-pick the record simply by resolving discrepancies in the record against the claimant. Id. Moreover, the undersigned does not conduct a *de novo* review of the record, and an ALJ's findings are not subject to reversal for the sole reason that substantial evidence could support the opposite finding. Buxton v. Halter, 246

F.3d 762, 772-73 (6th Cir. 2001). What some describe as "cherry-picking" may more neutrally be termed weighing the evidence. White v. Comm'r of Soc. Sec., 572 F.3d 272, 284 (6th Cir. 2009).

As a preliminary matter, Plaintiff has mistakenly charged the ALJ with failing to consider certain records. As mentioned above, Plaintiff argues the ALJ did not take into account findings of decreased bilateral grip strength. The transcript pages the Plaintiff cites, 398 and 412, both demonstrate a grip strength of four out of five. But the ALJ acknowledged this and even cited to Exhibit 13F/3, which corresponds to transcript page 412. Plaintiff is therefore factually mistaken. Similarly, Plaintiff argues the ALJ ignored evidence of decreased sensation in the lower extremities (DN 15 at PageID # 538 (citing Tr. 423, 425, 441)). First, pages 423 and 425 reveal decreased reflex in the left Achilles, but not in both lower extremities. And, page 441 reveals no mention of reflexes. Here again, the ALJ acknowledged Exhibit 14F/2 (Tr. 19), which corresponds to transcript page 423. It is therefore apparent that Plaintiff has made a second factual error.

Even absent Plaintiff's factual error, there is a legal basis supporting the ALJ's decision. "Neither the ALJ nor the Council is required to discuss each piece of data in its opinion, so long as they consider the evidence as a whole and reach a reasoned conclusion." Boseley v. Comm'r of Soc. Sec., 397 F. App'x 195, 199 (6th Cir. 2010) (unpublished) (citation omitted). That is plainly the case in this instance, and Plaintiff's claim is denied.

The final issue is whether the ALJ appropriately gave great weight to Dr. Irlandez' opinion where Dr. Irlandez formed his opinion without the benefit of the entire record. Here again, the law does not support Plaintiff's position. There is no blanket prohibition barring an ALJ from adopting an opinion of a source who has not examined the whole record. *See* Kepke v.

9

Comm'r of Soc. Sec., 636 F. App'x 625, 632 (6th Cir. 2016) (unpublished) (discussing Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 409 (6th Cir. 2009)). Rather, a reviewing court should only ensure that the ALJ acknowledged and scrutinized the opinion in light of the missing evidence. Id.

Here, the ALJ acknowledged that Dr. Irlandez offered his opinion before the medical evidence of record was fully submitted (Tr. 19). The ALJ wrote:

> On April 21, 2015, after Dr. Irlandez's March 31, 2015 opinion, an EMG/NCS revealed right carpal tunnel syndrome and impaired motor nerve conduction velocity of left ulnar nerve across the elbow. Exhibit 13F/5. On May 1, 2015, neurologist, Amir Zia, noted 4/5 motor strength grips and intact fine finger movement. Exhibit 13F/3. In light of this new medical evidence after Dr. Irlandez's opinion, the RFC adds frequent handling/fingering limitations. However, this evidence does not support a reduction below frequent because the EMG/NCS did not specify the severity and because the above cited physical exam findings by Dr. Zia correspond to mild abnormalities.

(Id.).

The ALJ discussed the evidence that was not before Dr. Irlandez and scrutinized it, so much so that the ALJ further restricted Plaintiff's RFC. This portion of the decision is therefore supported by substantial evidence and complies with applicable law. The claim is dismissed.

## **ORDER**

For the foregoing reasons, the undersigned concludes that the Commissioner's findings are supported by substantial evidence, and it is ordered that judgment be granted for the Commissioner.


Copies:	Counsel